STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FRANK R. SAVAGE,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0226** (BOR Appeal No. 2047245)
            (Claim No. 2011041968)

**CHAPLIN CONSTRUCTION, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Frank R. Savage, by William C. Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Chaplin Construction, Inc., by George E. Roeder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 5, 2012, in which the Board affirmed a May 18, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 5, 2011, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Savage, a mason, alleges he was injured in the course of his employment on April 15, 2011, when he was climbing off of scaffolding, lost his grip, and his right leg dropped to the concrete. He testified in a September 14, 2011, deposition that he did not begin to feel pain until a few days later. He stated that there were no witnesses to the accident and that he had never had any previous back problems. Mr. Savage was treated by William Mitchell, M.D., two days after the alleged accident and eventually diagnosed with a herniated lumbar disc and radiculopathy.

1

The claims administrator rejected the claim on July 5, 2011, stating that the disability complained of was not due to an injury or disease received in the course of and resulting from employment. The Office of Judges affirmed that decision in its May 18, 2012, Order. It found that Mr. Savage testified he had no prior back complaints. However, the record shows that he has a history of back pain. He was diagnosed with mechanical low back pain on January 2, 2000. On January 3, 2002, he presented to West Virginia University Hospital's emergency room after a motor vehicle accident and complained of lower back and cervical pain. Lastly, Dr. Mitchell's August 27, 2004, treatment note states that Mr. Savage was seen for lower back pain. The Office of Judges noted that Dr. Mitchell testified in a January of 2012 deposition that he had never treated Mr. Savage for lower back pain.

Mr. Savage only worked for Chaplin Construction, Inc., for nine days before his alleged injury. Though he testified that he did not make statements to co-workers that he had prior back problems, the Office of Judges found that affidavits from Kevin Chaplin and Rick Richmond contradict that assertion. Mr. Chaplin, the site superintendent, stated that Mr. Savage informed him he would not be able to work much because of his back. Mr. Chaplin related this to Mr. Richmond, a manager. The Office of Judges also found that a statement by Terry Edwards, Mr. Savage's co-worker, was contradicted by Mr. Savage's own testimony. Mr. Edwards stated that he saw Mr. Savage jump off of the scaffolding on the date of the alleged injury; however, Mr. Savage testified that there were no witnesses to the accident. Also, Mr. Edwards asserted that Mr. Savage picked him up for work the next day and informed him that his back and leg were hurting. The Office of Judges found, however, that Mr. Savage testified the following day was a Saturday and he did not work on weekends.

It was found that Dr. Mitchell mentioned twice in his April 17, 2011, treatment note that the alleged accident occurred two weeks prior rather than two days prior as Mr. Savage asserts. Dr. Mitchell stated in an October of 2011 letter that the treatment note was incorrect and he remembered that Mr. Savage reported that the accident happened forty-eight hours prior. In his deposition, Dr. Mitchell was asked why his treatment note stated that the pain began several days after the alleged injury. When asked how the history of delayed onset of pain could be correct if the alleged injury happened only two days prior, Dr. Mitchell stated that it was possible the pain did not start until the day he saw Mr. Savage. The Office of Judges found that if that was the case, the treatment note would indicate that the pain started on that date, April 17, 2011. Lastly, the Office of Judges noted that Mr. Savage did not file a report of injury until June 30, 2011, at which point Kevin Trembush, D.C., completed the physician's section. By that time, Mr. Savage had been treated by at least three other physicians, including his treating physician, Dr. Mitchell. The Office of Judges found it questionable why none of those physicians completed the report.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 5, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record fails to show that Mr. Savage sustained an injury in the course of and resulting from his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

2

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II